UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ARTHUR D. HOOKS | * | CIVIL ACTION NO. 17-5264 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "S"(1) |
| VERSUS | * | |
| | * | JUDGE MARY ANN VIAL LEMMON |
| SOCIAL SECURITY ADMINISTRATION, | * | |
| Nancy A. Barryhill, Commissioner | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## REPORT AND RECOMMENDATION

Pro se plaintiff Arthur D. Hooks filed the above-captioned matter in this Court in which he seeks review of the denial of his application for disability insurance benefits and supplemental security income under the Social Security Act.

On June 29, 2017, this Court ordered Hooks to show cause by July 26, 2017, why this action should not be transferred to the Western District of Texas- Austin Division. Hooks did not file a response by July 26, 2017.

Pursuant to the Social Security Act, an action to review a final decision of the Commissioner of Social Security

> shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). The docket indicates that Hooks resides in Brenham, Texas, which is not encompassed by the Eastern District of Louisiana. There is no indication that Hooks resides or has a principal place of business in the Eastern District of Louisiana. Hooks did not respond to this Court's Order setting the Rule to Show Cause to refute these assumptions. Accordingly, the Court

1

finds that the appropriate venue for this action is the Western District of Texas-Austin Division, which is the United States District Court for the judicial district that encompasses Brenham, Texas.

Accordingly,

IT IS HEREBY RECOMMENDED that this action be transferred to the Western District of Texas- Austin Division.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of August, 2017.

                                              Janis van Meerveld
                                        United States Magistrate Judge